Filed 4/13/26  P. v. Montgomery CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN PATRIC MONTGOMERY,<br><br>    Defendant and Appellant. | 2d Crim. No. B343503<br>(Super. Ct. No. 24F-01474)<br>(San Luis Obispo County) |

Appellant John Patric Montgomery challenges his conviction of possession of a controlled substance (methamphetamine) for sale (Health & Saf. Code, § 11378) contending insufficient evidence proved he had intent to sell.  We conclude substantial evidence supports the jury's finding and we will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

An officer responding to a trespass call saw appellant, "manipulating" his backpack and several other bags on the

ground.  The officer searched appellant's backpack and found four glass pipes commonly used to smoke methamphetamine.  They appeared to have been used.  He also found methamphetamine individually packaged in twelve containers and baggies.  The packages varied in weight and size.  Appellant did not have any empty packaging, measuring equipment, or pay-and-owe sheets.  He had two inoperable cell phones and $176 in varying denominations.

The San Luis Obispo County District Attorney filed an information charging appellant with possession of a controlled substance (methamphetamine) for sale (Health & Saf. Code, § 11378; count 1) and two counts of misdemeanor trespass (Pen. Code, § 602, subd. (o)(1); counts 2-3).

The arresting officer was a certified drug recognition expert trained in recognizing signs and symptoms of methamphetamine use.  The officer testified that during the search and subsequent arrest, he did not observe any symptoms of appellant being under the influence of methamphetamine.  When asked if he used methamphetamine, appellant said he had quit.

The arresting officer also testified that in arrests for personal drug use, users typically have between a tenth of a gram to ten grams of drugs.  The total net weight of methamphetamine in appellant's backpack was 49.55 grams, which yields approximately 495 typical doses and has a street value of $980 to $1,900.

A second peace officer testified that in his opinion appellant possessed the methamphetamine for sale.

A jury found appellant guilty of all charges.  He was sentenced to two years and eight months in this case and another case involving similar charges (no. 24F-04102).

2

DISCUSSION

Appellant contends a reasonable trier of fact could not rationally conclude he had intent to sell based only on the quantity of methamphetamine he possessed, and thus we must reverse his conviction.

"'The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt.'" (*People v. Johnson* (1980) 26 Cal.3d 557, 576.)  We do not focus on "'"isolated bits of evidence."'" (*People v. Cuevas* (1995) 12 Cal.4th 252, 261.)  We examine the entire record and draw all reasonable inferences in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find defendant guilty beyond a reasonable doubt. (*People v. Streeter* (2012) 54 Cal.4th 205, 241.)  Determining witness credibility and the truth or falsity of facts is the exclusive province of the factfinder.  (*People v. Giron-Chamul* (2016) 245 Cal.App.4th 932, 957.)  We do not reweigh evidence or reassess witness credibility.  (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

The People's expert, trained to discern the difference between dealers and users, testified that based on the evidence and the totality of the circumstances, appellant possessed methamphetamine for the purpose of sales.  The expert testified his opinion was supported by the fact appellant possessed 495 typical doses but said he quit using methamphetamine.  He testified the absence of a scale did not change his opinion.  Neither did the absence of pay-owe sheets because pay-owe sheets are "inherently known by street-level narcotics dealers as an easy way for law enforcement to charge [dealers] with possession of narcotics for sales."  A jury is free to infer intent to

3

sell based on an expert's opinion the purpose of possession is for sale, supported by evidence of a large quantity of narcotics. (*People v. Harris* (2000) 83 Cal.App.4th 371, 374.) "[I]t is for the jury to credit such opinion or reject it." (*Id.* at p. 375.)

Appellant attempts to compare the facts of his case with *People v. Johnson* (1984) 158 Cal.App.3d 850, a case reversed for lack of evidence. His reliance is misguided because *Johnson* involved insufficient evidence of possession, not intent to sell. (*Id.* at p. 856.)

Appellant also argues the arresting officer testified the amount found in appellant's possession was consistent with individual use for an individual with high tolerance. He is mistaken. On cross-exam the officer merely agreed a large amount of narcotics "possibly could" indicate a high tolerance.

The evidence is sufficient.

DISPOSITION

Judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

4

Crystal T. Seiler, Judge
Superior Court County of San Luis Obispo
_____

Omer A. Khan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Megan Moine, Deputy Attorney General, for Plaintiff and Respondent.